# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 277 | **DATE** | 2/11/2004 |
| **CASE TITLE** | McGee, et al. vs. Illinois Dept. of Trans., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, this Court denies the defendants' motion for summary judgment (doc.# 40-1) on all counts of plaintiffs' complaint as to defendants IDOT, Chlebicki and Mahoney. The Court, however, reserves ruling on the defendants' motion for summary judgment as to Mr. Kos. The Court orders the parties to submit briefs, limited to 10 pages, on the issue of whether Mr. Kos's motion for summary judgment should be granted. The plaintiffs' brief is due on or before February 22, 2004; Mr. Kos's brief is due on or before March 5, 2004. In light of this ruling, the defendants' motion to strike (doc.# 53-1) is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 57 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm7 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN MCGEE and THOMAS MALONE, ) ) ) Plaintiffs, ) ) vs. ) ) ILLINOIS DEPARTMENT OF ) TRANSPORTATION, KENNETH ) CHLEBICKI, DENNIS MAHONEY, ) and JOHN KOS, ) ) Defendants. ) | No. 02 C 0277<br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

The defendants in this employment discrimination case, the Illinois Department of Transportation ("IDOT") and individual defendants Kenneth Chlebicki, Dennis Mahoney, and John Kos, have filed a motion seeking summary judgment on all four counts of the complaint filed by plaintiffs, John McGee and Thomas Malone. In Counts I and II, alleged against IDOT and the individual defendants, (Mr. Kos is a District Engineer, Mr. Mahoney is a Yard Tech at Kennedy, and Mr. Chlebicki is a Yard Tech at Stevenson), plaintiffs assert claims of racial harassment and retaliation in violation of 42 U.S.C. §§ 1981, and 1983. In Counts III and IV, plaintiffs assert violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* against IDOT.

On August 28, 2003, this Court, in response to a motion filed by the plaintiffs, under Fed. R. Civ. P. 43(e), directed the parties to submit only Local Rule 56 statements in connection with the motion for summary judgment. Briefing on the motion was deferred until the Court could determine whether the Rule 56 statements disclosed genuine issues of material fact that precluded summary judgment and made briefing unnecessary. These Rule 56 statements have been submitted. In

addition, the defendants have filed a motion to strike certain fact statements submitted by the plaintiffs in their Rule 56.1(b)(3) Statement of Additional Facts; that motion is fully briefed.

After careful review, the Court finds that the defendants' motion for summary judgment should be denied on all counts as to IDOT, Mr. Chlebicki and Mr. Mahoney. The Court reserves ruling on the motion for summary judgment as to Mr. Kos, pending further briefing. The motion to strike is moot, because genuine issues of material fact exist which preclude summary judgment on all counts of plaintiff's complaint that are not the subject of the motion to strike.[1]

## II.

We begin with a brief summary of the governing legal standards. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 claims are governed by the same standards as Title VII, 42 U.S.C. § 2000e *et seq.*, and protect individuals against "racial harassment on the job and other forms of discrimination occurring after the formation of a contract." *Harden v. S.C. Johnson & Son Inc.*, 167 F.3d 340, 346 (7th Cir. 1999). Section 1983 provides a remedy against "any person," who "under color of law" deprives another of the rights protected by the Constitution. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Although the plaintiffs do not specify in their complaint the specific constitutional provision associated with their Section 1983 claim, their cause of action for disparate treatment and creation of a hostile work environment falls within the scope of behavior in violation of the Equal Protection Clause of the Fourteenth Amendment.

---

[1] On June 18, 2002, pursuant to consent of the parties under 28 U.S.C. § 636(c), the case was reassigned to this Court for all proceedings, including the entry of final judgment (doc. ## 21-23).

*Williams v. Seniff*, 342 F.3d 774, 787-88 (7th Cir. 2003). The standards for proving the disparate treatment Title VII violation therefore apply to the plaintiffs' Section 1983 equal protection claim. If a plaintiff fails to prove a Title VII violation, then any section 1981 and 1983 claims also fail.

## II.

Because only one genuinely disputed issue of material fact on each claim is necessary to defeat summary judgment, the Court need not set out every genuine dispute in detail. Accordingly, the Court will briefly set forth the elements of a Title VII claim and then outline some (but not all) of the genuinely disputed and material facts that exist regarding those elements for all claims and all defendants, except for Mr. Kos.[2]

### A.

To prove a Title VII violation, plaintiffs must first establish a *prima facie* case for intentional discrimination by proving four elements: (1) they are members of a protected class; (2) they performed their jobs satisfactorily; (3) they suffered adverse employment action; and (4) the defendant treated similarly situated, non-minority employees more favorably. *Simpson v. Borg-Warner Automotive, Inc.*, 196 F.3d 873, 876 (7th Cir. 1999). The defendants admit that the plaintiffs can prove the first two elements of the *prima facie* case, as to plaintiff Malone, and at least the first element as to plaintiff McGee. It is the last two elements (adverse employment action and similarly situated treatment) that are disputed regarding Mr. Malone, and the last three elements (satisfactory job performance, adverse employment action and similarly situated treatment) that are disputed as

---

[2]The Court finds that further briefing will be necessary on the issue of whether Mr. Kos can be held liable under Section 1981 and/or 1983 for intentionally depriving the plaintiffs of any federally protected rights. It is not clear from the factual record whether Mr. Kos will have the requisite personal involvement required to be held liable under Section 1983, in particular, and Section 1981, in general – especially with regard to Mr. Malone.

3

to Mr. McGee, not only for the Title VII claims in Counts III and IV of the complaint, but also for the "intentional discrimination" element of the Sections 1981 and 1983 claims in Counts I and II, respectively.

### B.

Regarding IDOT, the plaintiffs identify several genuine issues of material fact. For example, there are genuine disputes regarding whether IDOT complied with the non-retaliation and equal treatment provisions (Defendants' Rule 56.1 St. "Defs.' 56.1 St." ¶¶ 18-22; Pls.' Rule 56.1 Resp. ¶¶ 18-22; Defs.' 56.1 St. ¶¶ 442-444). In particular, the plaintiffs claim that IDOT is liable for the harassment by Messrs. Chlebicki and Mahoney because they are alleged "supervisors" of McGee and Mahoney, respectively. Supervisory status, however, is a question of fact as to Chlebicki and Mahoney. Moreover, even if Chlebicki and Mahoney are not supervisors, but are merely co-workers of the plaintiffs, there are still genuinely disputed questions regarding whether IDOT had notice of the alleged discrimination and an opportunity to correct it, but then "failed to exercise reasonable care in doing so." *Mason v. S. Ill. University*, 233 F.3d 1036, 1043 & n.4 (7th Cir. 2000).

### C.

There are also genuine disputes of material fact regarding the specific complaints of each plaintiff. We will begin with Mr. McGee's allegations.

### 1.

Mr. McGee alleges that his working conditions were intolerable, forcing him to retire (a constructive discharge theory). Specifically, Mr. McGee alleges that when he arrived at the Stevenson Yard, he was not given proper resources to do his job; namely, an office, desk or phone, and was not given access to the yard's computer (Defs.' 56.1 St. ¶¶ 274-79; Pls.' Resp. ¶¶ 274-79;

Pls.' Add'l Facts ¶¶ 63-69 (office space); 70 (stickers), 71-73 (email); 74-76 (Yard); Defs.' Resp. to Add'l Facts ¶¶ 63-69; 70, 71-73; 74-76). The defendants deny that Mr. McGee's working conditions were harassing or retaliatory (Pls.' 56.1 Resp. ¶¶ 274-79); they also deny that Mr. McGee's complaints went unanswered (Pls.' 56.1 Resp. ¶¶ 280-283). Mr. McGee also alleges retaliation and harassment based on Lead Lead Worker ("LLW") Petrie's actions. Mr. McGee alleges that Mr. Petrie would check on his crew more often than others to "intimidate them" because of Mr. McGee's race (Pls.' 56.1 Resp. ¶¶ 295-99). The defendants deny that Mr. Petrie was watching the crew for discriminatory reasons, or was doing so under orders from Mr. Chlebicki, the Yard Tech in the Stevenson Yard (Defs.' 56.1 St. ¶¶ 51-53; Pl.'s Resp. ¶¶ 295-99).

Regarding the issue of intentional discrimination, there are other job duty disputes related to the disparate treatment of Mr. McGee, a Lead Worker ("LW"), by various supervisors (namely, Mr. Chlebicki, the Yard Tech, and Mr. Petrie, the LLW) (Defs.' 56.1 St. ¶¶ 300-302; ¶¶ 316-18 (port-a-potty incident or "PPI"); Pl.'s 56.1 Resp. ¶¶ 300-02; ¶¶ 316-18 (PPI); Defs.' 56.1 St. ¶¶ 351; Pls.' 56.1 Resp. ¶ 351 (Krasnow confrontation); Defs.' 56.1 St. ¶¶ 366-370; Pls.' Resp. ¶¶ 366-70 (lane closure); Defs.' 56.1 St. ¶¶ 387-97; ¶¶ 402-05; Pls.' 56.1 Resp. ¶¶ 387-97; ¶¶ 402-05 (co-worker harassment); ¶¶ 398-401 (snowbirds); Defs.' 56.1 St. ¶¶ 402-05; Pls.' 56.1 Resp. ¶¶ 402-05 (lane-blocking incident); Defs.' 56.1 St. ¶¶ 406-09; Pls.' 56.1 St. ¶¶ 406-09 (rumors and mistreatment); Defs.' 56.1 St. ¶¶ 411-12; 416-422; Pls.'56.1 Resp. ¶¶ 411-12; ¶¶ 416-422 (McGee's job performance/Jenkins Review); Pls.' Add'l Facts ¶¶ 81-84 (Chlebicki harassment); 86-88 (Chlebicki hostility); 105-110 (Janeteas harassment); Defs.' Resp. to Add'l Facts ¶¶ 81-84; 86-88; 105-110). Finally, there is a genuine dispute about what the duties of an LW are and whether Mr. McGee was performing those duties (Defs.' 56.1 St. ¶¶ 63-64; Pls.' 56.1 Resp. ¶¶ 63-64).

**2.**

There are similar genuine disputes of material fact alleged by Mr. Malone. Mr. Malone was promoted to the position of HCEO at the Kennedy Yard in September 2000, under the *Massie* consent decree (Defs.' 56.1 St. ¶¶ 94-96). The parties dispute the responsibilities expected of Kennedy Yard employees (Defs.' 56.1 St. ¶¶ 99-102; Pls.'56.1 Resp. ¶¶ 99-102). There are also genuine disputes regarding the terms and conditions of Mr. Malone's employment, namely, the working conditions; and, these facts go to the issue of intent under Title VII and §§ 1981 and 1983, Defs.' 56.1 St. ¶¶ 129-134; Pls.' 56.1 Resp. ¶¶ 129-34) (damage to truck/write up); Defs.' 56.1 St. ¶¶ 146-55; Pls.' 56.1 Resp. ¶¶ 146-55 (salt dome damage); Defs.' 56.1 St. ¶¶ 164-66; Pls.' 56.1 Resp. ¶ 164-66 (snowblower incident); Defs.' 56.1 St. ¶¶ 167-69; Pls.' 56.1 Resp. ¶¶ 167-69 (snowblower damage)). In addition, Mr. Malone alleges acts of disparate treatment by Mr. Mahoney from August through September 2002 (Defs.' St. 56.1 ¶¶ 183-85; Pls.' 56.1 Resp. ¶¶ 183-88 (checking up on him); Defs.' 56.1 St. ¶¶ 189-99; Pls.' 56.1 Resp. ¶¶ 189-99 (undesirable work assignments); Defs.' 56.1 St. ¶ 215; Pls.' 56.1 Resp. ¶ 215 (criticism); Defs.' 56.1 St. ¶¶ 216-224; Pls.' 56.1 Resp. ¶¶ 216-224 (rotation list posting); Defs.' 56.1 St. ¶¶ 225-226 (discipline); Defs.' 56.1 Facts (racial slurs); Pls.' 56.1 Resp. ¶¶ 225-26; 257; Pls.' Add'l Facts ¶¶ 180-84 (lack of HCEO duties); ¶¶ 190-92 (Mahoney disparate treatment); 193-95 (failure to post acting LW list); Defs.' Resp. to Add'l Facts ¶¶ 180-84; 190-92; 193-95). Finally, the parties dispute Mr. Malone's allegation that IDOT, as a defendant, discriminated against him with respect to his complaints (Defs.' 56.1 St. ¶¶ 247-53; Pls.' 56.1 Resp. ¶¶ 247-53).

# IV.

With respect to the individual defendants' claim of qualified immunity, the Court denies the defendants' motion for summary judgment. The defendants concede that the constitutional rights at stake were clearly established at the time of the alleged conduct, but they argue that "the conduct complained of in this case does not rise to that which constitutes impermissible conduct" (Defs.' Mem. at 25). That argument goes to the merits of the substantive claims in the case; it is not a qualified immunity question. *See Vidmar v. City of Chicago Board of Education*, No. 98 C 0951, 1999 WL 409929, *3-4 and n.4 (N.D. Ill. June 7, 1999) (court denied motion to stay pending interlocutory appeal of qualified immunity determination; issue whether defendant acted without any racial animus was inappropriate as a qualified immunity defense because such a claim is a factual defense on the merits). The determination of qualified immunity is premised on an admission that certain constitutional rights were violated and asks (*inter alia*) whether, in spite of the violation, immunity is warranted because the rights were not "clearly established" at the time of the alleged conduct. This is not the defendants' position; here, the defendants' position is the exact opposite. Because the facts that must determine whether the defendants conduct rises to the level that "constitutes impermissible conduct" are genuinely in dispute, for the reasons summarized in this opinion, defendants' motion for summary judgment on the issue of qualified immunity is denied.

## CONCLUSION

For the reasons explained above, this Court denies the defendants' motion for summary judgment (doc. # 40-1) on all counts of plaintiffs' complaint as to defendants IDOT, Chlebicki and Mahoney. The Court, however, reserves ruling on the defendants' motion for summary judgment as to Mr. Kos. The Court orders the parties to submit briefs, limited to 10 pages, on the issue of

whether Mr. Kos's motion for summary judgment should be granted. The plaintiff's brief is due on or before February 22, 2004; Mr. Kos's brief is due on or before March 5, 2004. In light of this ruling, the defendants' motion to strike (doc. # 53-1) is moot.

        ENTER:

        _____
        SIDNEY I. SCHENKIER
        United States Magistrate Judge

Dated: February 11, 2004