# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 277 | **DATE** | 3/31/2004 |
| **CASE TITLE** | McGee, et al. vs. Il. Dept. of Trans., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/15/2004 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants the motion of defendant John Kos for summary judgment on Counts I and II of the Amended Complaint (doc. # 40-1). The matter is set for a status conference on 04/15/04 at 9:00 a.m. The parties are directed to seriously explore settlement prior to that status conference, and to report to the Court at the status conference on the prospects of settlement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 4-01-04 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | 2004 APR -1 PM 7:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN McGEE and THOMAS MALONE, ) | DOCKETED |
| ) | |
| Plaintiffs, ) | APR 0 1 2004 |
| ) | |
| vs. ) | No. 02 C 0277 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Magistrate Judge Sidney I. Schenkier |
| TRANSPORTATION, KENNETH S. ) | |
| CHLEBICKI, DENNIS A. MAHONEY and ) | |
| JOHN KOS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

On February 11, 2004, the Court directed the parties to submit additional briefing on the issue of whether defendant, John Kos, should be granted summary judgment on Counts I and II of plaintiffs' amended complaint. Count I alleges harassment and retaliation in violation of 42 U.S.C. § 1981, and Count II alleges willful and intentional violation of 42 U.S.C. § 1983 by discrimination and retaliation which deprived plaintiffs of their civil rights. The parties have submitted their papers. After careful review, the Court finds that the defendants' motion for summary judgment as to Mr. Kos should be granted.

As a preliminary matter, we note that while the plaintiffs have named Mr. Kos as a defendant on their claims in Counts I and II, they have failed to identify whether he is being sued in his individual or official capacity. In cases where a plaintiff seeks injunctive relief from official policies and customs, the Seventh Circuit treats the claim as an official capacity suit, but where the plaintiff

---

[1] On May 22, 2002, pursuant to 28 U.S.C. § 636(c), the parties consented to have the case transferred to this Court for all proceedings, including the entry of final judgment (doc. ## 21, 22). On June 18, 2002, the case was reassigned to this Court (doc. # 23).

alleges the tortious conduct of an individual acting under color of state law, the suit is considered to be against the individual. *Miller v. Smith*, 220 F.3d 491, 498 (7th Cir. 2001). The Eleventh Amendment establishes sovereign immunity for the states and for state officials unless Congress abrogates that immunity. Although Congress has abrogated immunity for Title VII claims, the Section 1981 and 1983 claims are still subject to the Eleventh Amendment bar as to damages against the state or a state official sued in his or her official capacity. *Walker v. Board of Regents of the Univ. of Wis.*, 300 F. Supp.2d 836, 849 (W.D. Wis. 2004) (citing cases). While the presence of a damages request by plaintiffs in Counts I and II indicates that the claims against Mr. Kos are directed to him in his individual capacity, those two claims also request injunctive relief, thereby suggesting that he also is sued in his official capacity. Accordingly, we treat the plaintiffs' claims as seeking to impose liability on Mr. Kos both in his individual and official capacities.

## II.

The substantive legal standards governing claims made under Sections 1981 and 1983 are the same as those that govern claims for intentional discrimination under Title VII. *Patton v. Indianapolis Public School Bd.*, 276 F.3d 334, 338 (7th Cir. 2002); *Malacara v. City of Madison*, 224 F.3d 727, 729 (7th Cir. 2000). The only difference, and it is relevant in the motion by Mr. Kos, is that Title VII is based on agency principles (thus, a state agency can be sued because Congress has abrogated sovereign immunity under the Eleventh Amendment), whereas Sections 1981 and 1983 are predicated upon fault. *Walker*, 300 F.Supp.2d at 849. To prove a claim under Section 1981, plaintiffs must show: (1) that they are members of a racial minority; (2) that the defendant intended to discriminate against them on the basis of race; and (3) that the alleged discrimination concerned an activity protected by the statute. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). To

establish liability under Section 1983, plaintiffs must prove: (1) that they suffered a harm caused by a constitutional violation; and (2) that the defendant had the requisite level of personal responsibility for the violation. *Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992). In the case of Mr. Kos, the threshold question is whether plaintiffs have established a genuine issue of material fact on the elements of intent and personal fault.

There can be no reasonable dispute that Mr. Kos has "supervisory status" at IDOT as the District Engineer. But, the evidence submitted on summary judgment shows that Mr. Kos occupied a very indirect and attenuated supervisory position with respect to plaintiffs – at least in a causation chain for determining who, if anyone, had the power to affect the plaintiffs' employment. The undisputed evidence establishes that there were at least three levels of supervision between Mr. Kos and defendants Chlebicki and Mahoney (who, arguably, directly supervised plaintiffs)(*see, e.g.,* Defs.' 56.1 St. ¶ 12).

The plaintiffs do not offer facts to show that Mr. Kos directly engaged in the acts of discrimination and retaliation of which they complain – or, that he even knew about those specific acts. Rather, the plaintiffs' theory seems to be that the general notice Mr. Kos received regarding concerns about compliance with the *Massie* consent decree was sufficient to put him on notice that plaintiffs were being discriminated against in the ways alleged, and that he is personally at fault for failing to act to remedy the alleged discrimination (Pls.' Suppl. Mem. at 6-7). The facts offered by plaintiffs to support this theory are insufficient to create a triable issue.

The plaintiffs maintain that Mr. Kos, as District Engineer, is responsible for implementing all IDOT personnel policies, including those dictated by the *Massie* consent decree (Pl.'s Resp. to Def.'s Facts ¶¶ 32-33). But, the plaintiffs have offered no evidence that Mr. Kos has sole or final

3

responsibility for implementing the *Massie* decree. In fact, the IDOT memorandum from Kirk Brown (upon which the plaintiffs rely in their response to defendants' facts ¶¶ 32-33) makes clear that it is the responsibility of all IDOT managers to apply the Massie decree's mandates "uniformly and consistently" (Pls.' Ex. 19, IDOT 9221).

The plaintiffs, however, have argued that Mr. Kos was the head of District One, enjoined to comply with the terms of the decree, and could not delegate his duties (Pls.' Reply at 4). They also argue that even though Mr. Kos personally knew about *Massie* complaints, he was deliberately indifferent, turned a blind eye, chose to ignore plaintiffs' complaints, and let all the violations go on with his consent (*Id.* at 7).[2] Conversely, Mr. Kos maintains that he had no personal involvement whatsoever with either the investigation or disciplinary procedures associated with alleged civil rights violations made by IDOT employees (Def.'s Facts ¶ 33). This assertion is supported by unrebutted evidence that the Engineer of Operations, who reviews all disciplinary reports, does not report directly to Mr. Kos; and, neither party alleges that Mr. Kos makes the final determination on disciplinary actions (Def.'s Ex. D; Koss Aff. ¶ 7). In addition, the undisputed facts show that Mr. Kos also does not serve on the Civil Rights Committee (Def.'s 56.1 St. ¶ 34), and has no direct contact with crew members, such as the plaintiffs (*e.g.,* Def.'s 56.1 St. ¶¶ 295-299).

Mr. Kos admittedly received an email from Sandi Brown, an IDOT Civil Rights Specialist, on May 17, 2001 (Pls.' Ex. 13, email from Brown to multiple recipients, May 17, 2001). Mr. Kos

---

[2]These arguments sound like a "final policy maker" argument under Section 1983 or a disparate impact case under Section 1981 and Title VII, but the plaintiffs do not make the claim that Mr. Kos was a final policy maker or that plaintiffs suffered a disparate impact. To prove a claim against Mr. Kos in his official capacity, plaintiffs must show that they were injured by an express policy or a widespread custom that is so well-settled as to constitute a policy or decision by an individual with final policy making authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000); *Fairly v. Andrews*, 300 F.Supp.2d 660, 667 (N.D. Ill. 2004). But, plaintiffs neither make that argument nor offer evidence to support it.

4

admits that this email contained information related to a number of complaints concerning alleged violations of the *Massie* decree, and she asked for the help of the recipients (including Mr. Kos) in addressing the problems associated with them (Pls.' Add'l Facts ¶ 20). Mr. Kos further admits that he took no actions in response to this email (*Id.* ¶ 29). But (and it is a big "but"), although there is undisputed evidence that, as of May 17, 2001, Mr. Kos personally knew about various *Massie* complaints, as generally described in Ms. Brown's email (Defs.' Ex. D, Kos Aff. ¶¶ 9-11, 21-23, 25-26, 28), there is no evidence that Mr. Kos knew about the plaintiffs' specific complaints (Defs.' Ex. D, ¶¶ 37-39), and failed to act regarding them.[3] Without personal participation in the discrimination that is the subject of plaintiffs' alleged complaints, there can be no finding of intent to discriminate against plaintiffs under Section 1981 or personal fault causing the alleged discrimination under Section 1983, and thus no liability. *See Rasche v. Village of Beecher*, 336 F.3d 588, 596-97 (7th Cir. 2003) (§ 1983 actions are "based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation"); *Morales v. Cadena*, 825 F.2d 1095 (7th Cir. 1987) ("[l]iability under § 1983 requires that the defendant have participated personally in the constitutional deprivation"); *Walker*, 300 F.Supp.2d at 849 ("with respect to [§§ 1981 and 1983], plaintiff may seek damages from defendant . . . in his personal capacity if she can show that he was personally involved in the illegal decision").[4]

---

[3] The parties genuinely dispute whether Mr. Kos asked that he be made aware of *Massie* complaints prior to May 17, 2001(Pls.' Add'l Facts ¶ 28; Def.'s Resp. to Add'l Facts ¶ 28; Defs.' Ex. D, Kos Aff. ¶¶ 9-11, 21-23, 25-26, 28). Because we find that general notice of *Massie* complaints is not a sufficient basis upon which a reasonable jury could impose personal liability under Sections 1981 or 1983, we find that this dispute, although genuine, is not material.

[4] The Court previously has held that the *Massie* consent decree is not the exclusive remedy for independent violations of federal or state law. *See McGee v. Illinois Dep't of Transp.*, No. 02 C 0277, 2002 WL 31478261 (N.D. Ill. Nov. 5, 2002). The plaintiffs here seek to impose Section 1981 and 1983 liability on Mr. Kos, not for his actions directed toward these plaintiffs, but for his alleged failure to enforce the decree. There is, however, a significant difference between the consent decree being one source of remedy for conduct that might violate both the decree and federal or state law, and the consent decree being the source for asserting a cause of action for discrimination,

For these reasons, the Court will grant summary judgment for Mr. Kos on Counts I and II in both his individual and official capacities. The question of qualified immunity is therefore moot.

## CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment with respect to Mr. Kos is granted as to Counts I and II.

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: March 31, 2004**

---

harassment, and retaliation (vis-a-vis Mr. Kos), where there would otherwise not be one. The, plaintiffs cannot use the *Massie* decree, and any alleged violations of it, to support an independent cause of action against Mr. Kos under Sections 1981 and 1983.