# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 277 | **DATE** | 4/14/2004 |
| **CASE TITLE** | McGee, et al. vs. IDOT, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion for reconsideration (doc. # 61) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 4/15/04 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 61 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| mm | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 1 5 2004

JOHN MCGEE and )
THOMAS MALONE, )
 )
    Plaintiffs, )
 )    No. 02 C 0277
vs. )    Magistrate Judge Schenkier
 )
ILLINOIS DEPARTMENT OF )
TRANSPORTATION, KENNETH )
CHLEBICKI, DENNIS MAHONEY, )
and JOHN KOS, )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

The plaintiffs, John McGee and Thomas Malone, have filed a motion to reconsider the entry of summary judgment by this Court in favor of defendant, John Kos. Although the motion does not specify the rule under which the motion has been made, we assume it is filed pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), which requires such a motion to be made within 10 days after entry of the judgment. Although this motion satisfies that procedural standard, it fails to satisfy the substantive standards of Rule 59(e) and is therefore denied.

Whether to grant a motion to reconsider is a matter committed to the sound discretion of the District Court. *Caisse Nationale de Credit v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). In determining whether to exercise its discretion to grant reconsideration, the Court starts with the proposition that such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-David Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985)(quoting *Keene Corp. v. International Fidelity Insurance Company*, 561 F.Supp. 656, 665-66 (N.D.Ill.1982)). A motion to reconsider should only be presented when the

61

law or facts change significantly after the issue is presented to the Court, or the Court has "patently misunderstood a party," "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). Thus, a motion to reconsider is not a vehicle by which a party may seek "to undo its own procedural failures [or] to introduce new evidence or advance arguments that could have and should have been presented to the District Court prior to the judgment." *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir.1996) (citation omitted); *see also Publishers Resource, Inc.*, 762 F.2d at 561. Nor is a motion to reconsider "at the disposal of parties who want to 'rehash' old arguments," that previously were made and rejected. *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D.Ill.1995). After careful review, the Court finds that plaintiffs' motion to reconsider fails to meet the standards of Rule 59 (e).

In their summary judgment papers, the plaintiffs made the same argument advanced in the present motion, namely that Mr. Kos was specifically aware of plaintiffs' *Massie* complaints, because the record showed that Mr. Kos received and/or knew about "*all* complaints under the *Massie* decree that were received by IDOT" (Motion at ¶ 3; Pls.' Suppl. Mem. Opposing Mot. for Sum. Judg., at 6-7). This argument is an attempt to rehash an old argument previously made and rejected. We do not view that evidence as creating a triable issue on whether Mr. Kos was specifically aware of the plaintiffs' particular claims made in this case, and intentionally failed to act with respect to those claims. Such personal participation was required to hold Mr. Kos liable in this case under 42 U.S.C. §§ 1981 and 1983. The Court explained that finding in its ruling on the motion for summary judgment. *See* McGee v. IDOT, No. 02 C 0277, 2004 WL 726110, * 2 (N.D. Ill. 2004) (general notice about *Massie* complaints not sufficient to create triable issue on issue of whether Mr.

2

Kos "directly engaged in the acts of discrimination and retaliation" that were subject of plaintiffs' claims; and, general notice not sufficient to impose personal fault and thus liability on him for "failing to act to remedy alleged discrimination").

## CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (doc. # 61) be denied.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: April 14, 2004